65 F.3d 174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Victor ALBERT, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70076.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 21, 1995.
 
 Before: SNEED, KOZINSKI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Although Albert recounts having his life threatened by men allegedly from the New People's Army, a communist guerrilla group of some notoriety in the Philippins, he has not established that any such danger is the result of his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Secs. 1101(a)(42), 1253(h).
 
 
 3
 By his own account, Albert's troubles stem from what is essentially a commercial dispute: His mother's tenants refuse to pay rent because they claim the NPA has taken over her properties. Albert alleges no differences with the NPA (or anyone else) relating to race, religion, nationality, group membership or politics. Even a "clear probability that an alien's life or freedom is threatened" is "generally insufficient to constitute 'persecution' " where the basis for the threat is not one of the protected categories of difference. Hernandez-Ortiz v. I.N.S., 777 F.2d 509, 516 (9th Cir.1985); see, e.g., I.N.S. v. Elias-Zacharias, 112 S.Ct. 812, 817 (1992) (finding no evidence of "political" persecution where alien had not shown "that the guerrillas will persecute him because of [his] political opinion") (emphasis in original); Saballo-Cortez v. I.N.S., 761 F.2d 1259, 1264 & n. 3 (9th Cir.1985) (finding no "political" persecution where "there was no evidence in the record that [petitioner] belonged to any political organization or had taken any political position").
 
 
 4
 Albert has not shown that the Board erred in finding that he does not have the sort of well-founded fear of persecution that would make him eligible for a discretionary grant of asylum. A fortiori, he also failed to meet the more demanding "clear probability" standard of 8 U.S.C. Sec. 1253(h), see I.N.S. v. Cardoza-Fonseca, 480 U.S. 421, 430-32 (1987), that would entitle him to withholding of deportation. See Elnager v. I.N.S., 930 F.2d 784, 789 (9th Cir.1991).
 
 
 5
 The decision of the Board of Immigration Appeals is AFFIRMED. The voluntary departure period granted by the Board, see BIA Order (Jan. 25, 1994) at 4, will commence upon issuance of our mandate. See Contreras-Aragon v. I.N.S., 852 F.2d 1088, 1097 (9th Cir.1988) (en banc).
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3